UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

RICHARD J. LUCIANO,

                                Plaintiff,

v.

MUSAB NASSAR and BULLDOG PROCESS
SERVICE LLC,

                                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-3180 (MKB)
19-CV-4177 (MKB)

-------------------------------------------------------------------

RICHARD J. LUCIANO,

                                Plaintiff,

v.

OSMOND TINGLIN and A&F PROCESS SERVICE,
INC.,

                                Defendants.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Richard J. Luciano, proceeding *pro se*, commenced the above-captioned actions pursuant to 42 U.S.C. § 1983 against Defendants Musab Nassar, Bulldog Process Service, LLC ("Bulldog"), Osmond Tinglin, and A&F Process Service, Inc. ("A&F"). (Bulldog Compl., Docket Entry No. 1, No. 19-CV-3180; A&F Compl., Docket Entry No. 1, No. 19-CV-4177.) Plaintiff alleges that, as a result of Defendants' falsified affidavits regarding service of process, several state court proceedings ended in default judgments against Plaintiff. (Bulldog Compl. 5,

7; A&F Compl. 5, 8.)[1] On June 10, 2019, Magistrate Judge Lois Bloom granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in case number 19-CV-3180. (IFP Order, Docket Entry No. 4, No. 19-CV-3180.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in case number 19-CV-4177 and consolidates these actions solely for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses Plaintiff's claims against Bulldog and A&F, and allows Plaintiff's claims against Nassar and Tinglin to proceed.

## I. Background

The Court assumes the truth of the factual allegations in the Complaints for the purposes of this Memorandum and Order.

Plaintiff alleges that Nassar, a private process server employed by Bulldog, executed a false affidavit of service in a 2016 Kings County Civil Court proceeding, claiming that he served Plaintiff with a summons, (Bulldog Compl. 16), and that Tinglin, a private process server employed by A&F, executed a false affidavit of service in a 2017 Kings County Civil Court action, (A&F Compl. 12). Plaintiff alleges that this "sewer service"[2] resulted in default judgments being issued against him in both state court actions, without his knowledge. (Bulldog Compl. 6; A&F Compl. 6.) Plaintiff seeks money damages. (Bulldog Compl. 7; A&F Compl. 7.)

---

[1] Because the Complaints are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

[2] "Sewer service is an ignominious practice carried out by vicious process servers who file fraudulent affidavits of service in order to obtain default judgments or the eviction of tenants." *Morris v. New York City*, No. 14-CV-1749, 2014 WL 3897585, at *1 n.1 (E.D.N.Y. Aug. 8, 2014) (internal quotation marks omitted) (quoting *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971)).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983 claims

To sustain a claim brought under section 1983, a plaintiff must allege that the conduct complained of (1) was "committed by a person acting under color of state law" and (2) deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional

deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### i. Plaintiff's claims against Bulldog and A&F

A plaintiff can show personal involvement under section 1983 by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Plaintiff has not alleged any facts to show that Bulldog or A&F had any involvement in, knowledge of, or responsibility for, issuing the alleged "sewer service" that Plaintiff claims has deprived him of his rights. Accordingly, the Court dismisses Plaintiff's claims against Bulldog and A&F.

### ii. Plaintiff's claims against Nassar and Tinglin

Process servers are state actors for purposes of section 1983. *See United States v. Wiseman*, 445 F.2d 792, 796 (2d Cir. 1971) (finding that private individuals employed by a process server were acting under color of state law when serving process); *Morris v. New York City*, No. 14-CV-1749, 2014 WL 3897585, at *1 (E.D.N.Y. Aug. 8, 2014) (explaining that "sewer service" is a "denial of due process by one engaged in essentially and traditionally a public function, which satisfies § 1983's under-color-of-state-law requirement" (citation and internal quotation marks omitted)); *Sanchez v. Abderrahman,* No. 10-CV-3641, 2012 WL

1077842, at *7 (E.D.N.Y. Mar. 30, 2012) ("[T]o state a cause of action under § 1983 arising from improper service, a plaintiff must . . . establish that the improper service resulted in some deprivation, for example, by resulting in a default judgment."). Accordingly, the Court allows Plaintiff's section 1983 claims against Nassar and Tinglin to proceed.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's claims against Bulldog and A&F. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to amend the captions to reflect the dismissal of these Defendants. The Court allows Plaintiff's claims against Nassar and Tinglin to proceed. The Clerk of Court shall prepare a summons against these Defendants and the United States Marshals Service shall serve the summons and a copy of the Complaint and this Memorandum and Order upon these Defendants without prepayment of fees. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

Dated: November 30, 2019
      Brooklyn, New York

                                            SO ORDERED:

                                                s/ MKB
                                          MARGO K. BRODIE
                                          United States District Judge