UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RICHARD J. LUCIANO,

                Plaintiff,                  **REPORT & RECOMMENDATION**
                                                                                             **19 CV 4177 (MKB)(LB)**

    -against-

OSMOND TINGLIN,

               Defendant.
------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

    *Pro se* plaintiff commenced this action against defendants Osmond Tinglin and A&F Process Service, Inc. on July 16, 2019, claiming that Tinglin executed a false affidavit of service in a 2017 Kings County Civil Court case.[1] ECF No. 1 at 5, 12. He alleges that the state court issued a default judgment against him based on this "sewer service." Id. On November 30, 2019, Judge Brodie dismissed defendant A&F Process Service, allowed plaintiff's claims against Tinglin to proceed, and directed the United States Marshals Service ("USMS") to serve the summons and complaint on Tinglin. ECF No. 4.

    On January 29, 2020, the USMS returned the summons for Tinglin unexecuted, with a notation that "Osmond Tinglin was a former employee, but has deceased back in 2017." ECF No. 6. I explained to plaintiff that under Rule 25(a) of the Federal Rules of Civil Procedure "[i]f a party dies . . . the court may order substitution of the proper party. . . If the motion is not made within 90 days after service of a statement noting the death, the action . . . against the decedent must be dismissed." ECF No. 7 (citing Fed. R. Civ. P. 25(a)). Accordingly, I ordered plaintiff to substitute a proper party as defendant by July 28, 2020, or I would recommend that this case should be dismissed. Id.

    Despite this warning, plaintiff has not moved to substitute a proper party for defendant. As no proper party has been substituted for defendant within the ninety-day period explained to plaintiff, I respectfully recommend that the Court should dismiss this action pursuant to Rule

---

[1] Plaintiff filed a similar action against Musab Nassar and Bulldog Process Service LLC alleging "sewer service." Luciano v. Nassar, 19 CV 3180 (MKB)(LB). The case was dismissed on July 9, 2020 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to provide a proper service address for defendant. Id. at ECF No. 17.

1

25(a).² See Louis v. Wright, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) ("If no motion [to substitute a proper party] is timely filed, dismissal is mandatory.") (citing Bussey v. City of New York, No. 15 CV 3790 (ARR)(JO), 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016), adopted by, 2016 WL 3469843 (E.D.N.Y. June 14, 2016) (adopting recommendation to dismiss plaintiff's case pursuant to Rule 25 for failure to substitute a proper party within the prescribed period)).³

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                      /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: September 4, 2020
       Brooklyn, New York

---

² The Court may extend the deadline to file a motion for substitution of a deceased party if there is a reasonable basis for the requesting party's lateness and if the non-requesting party will suffer no prejudice as a result. See Kernisant v. City of New York, 225 F.R.D. 422, 431–32 (E.D.N.Y. 2005). In the instant case, plaintiff has not requested an extension of time to comply with the Court's April 29, 2020 Order or otherwise contacted the Court since filing this action in July 2019; thus, no such extension is warranted.

³ The Clerk of Court is directed to mail plaintiff a copy of the unreported cases cited herein.