UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RICHARD J. LUCIANO,

                Plaintiff,                **ORDER**
                                                      19-CV-4177 (MKB) (LB)
        v.

OSMOND TINGLIN,

                Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Richard J. Luciano, proceeding *pro se*, commenced the above-captioned action on July 16, 2019, against Defendants Osmond Tinglin and A&F Process Service, Inc. ("A&F"), asserting claims pursuant to 42 U.S.C. § 1983. (Compl. 1, 3, Docket Entry No. 1.)[1] Plaintiff alleges that Tinglin executed a false affidavit of service related to a 2017 Kings County Civil Court case, (*id.* at 5; Kings County Civil Ct. J. ("Civil J."), annexed to Compl. as Ex. A, Docket Entry No. 1), and that, as a result of this "sewer service," a default judgment was issued against him, (Compl. 6; Civil J.). On November 30, 2019, the Court dismissed Plaintiff's claims against Defendant A&F because Plaintiff had failed to allege facts that A&F had any involvement in, knowledge of, or responsibility for issuing the alleged "sewer service." (Order dated Nov. 30, 2019, Docket Entry No. 4.) The Court allowed Plaintiff's claims against Tinglin to proceed and directed the United States Marshals Service ("USMS") to serve the summons on Tinglin. (*Id.*)

        On January 29, 2020, the USMS returned the summons for Tinglin unexecuted, noting that Tinglin had died in 2017. (Process Receipt, Docket Entry No. 6.) By Order dated April 29,

---

      [1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

2020, Magistrate Judge Lois Bloom directed Plaintiff to substitute a proper party for Tinglin by July 28, 2020, and cautioned that without such substitution, the court would dismiss the Complaint pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, which requires dismissal if a motion for substitution "is not made within [ninety] days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1); (Order dated Apr. 29, 2020, Docket Entry No. 7). Plaintiff did not file a timely motion to substitute a proper party as defendant.

By *sua sponte* report and recommendation dated September 4, 2020, Judge Bloom recommended that the Court dismiss the action pursuant to Rule 25(a) (the "R&R"). (R&R 1–2, Docket Entry No. 8 (citing *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) ("If no motion [to substitute a proper party] is timely filed, dismissal is mandatory." (alteration in original))).) In addition, Judge Bloom cautioned that "[f]ailure to file a timely objection [within fourteen days] to [the R&R] generally waives any further judicial review." (*Id.* at 2 (first citing *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); then citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).) No objections to the R&R have been filed and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)) (citing *Small*, 892 F.2d at 16); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report

2

waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses the action pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record and close this case.

Dated: October 13, 2020
       Brooklyn, New York

                                SO ORDERED:

                                s/ MKB  10/13/2020
                                MARGO K. BRODIE
                                United States District Judge